

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JRS/GK/DAS

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 3, 2023

<u>By ECF and Email</u>

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Carlos Watson and Ozy Media, Inc.
               Criminal Docket No. 23-82 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter in advance of the March 6, 2023 status conference to provide the Court with a report of the status of the case and to address the topics listed in the Court's March 1, 2023 order.

      I.    <u>Background</u>

      On February 22, 2023, a grand jury in this District issued an indictment charging defendant Carlos Watson with securities fraud conspiracy, in violation of 18 U.S.C. § 371 (Count One); wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count Two); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Three). <u>See</u> ECF Dkt. No. 1 (the "Indictment"). Defendant Ozy Media, Inc. ("Ozy") was charged in Counts One and Two of the same Indictment. <u>See id.</u> The facts underlying the charges are set forth in the Indictment itself and in the government's letter, dated February 23, 2023, regarding the proposed conditions for Watson's release. <u>See</u> ECF Dkt. No. 6.

      On February 22, 2023, the Honorable Cheryl L. Pollak issued an arrest warrant for Watson and a summons ordering Ozy to appear on March 8, 2023 at 11:00 a.m. <u>See</u> ECF Dkt. Nos. 2-3. Watson was arrested on February 23, 2023, and following his arrest, he was served with the summons for Ozy in his role as an officer of Ozy. <u>See</u> ECF Dkt. No. 14; <u>see also</u> Fed. R. Crim. P. 4(c)(3)(C) (service of summons on organization effectuated by delivery to, among others, an officer).

      Watson was arraigned on February 23, 2023 before Judge Pollak, where he was represented by both Covington & Burling LLP ("Covington") and Steptoe & Johnson LLP ("Steptoe"). <u>See</u> Feb. 23, 2023 Arraignment Tr. ("Tr.") 2:9-15. At the arraignment, pursuant to

its obligations under Second Circuit law, the government informed Judge Pollak that Steptoe may have a potential conflict because it also has represented Ozy in pre-indictment discussions with the government. See id. at 5:10-20; see also United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996) (reiterating "admonition to the government . . . to bring potential conflicts to the attention of trial judges"). The government further stated that, if necessary, it would make a motion for a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), at an appropriate time. See Tr. 5:17-20. Judge Pollak found that the potential conflict did not implicate any issues raised at the arraignment and proceeded with the arraignment. See id. at 5:21-24.

At the arraignment, Judge Pollak released Watson subject to the bail conditions proposed by the government but urged the parties to confer on whether certain limited exceptions to the bond's no-contact provisions might be appropriate. See id. at 20:25-22:21. Judge Pollak further granted the parties' joint motion to exclude time under the Speedy Trial Act in the interests of justice through April 3, 2023, to allow time for the defendant to review discovery and discuss a potential resolution with the government. See id. at 35:21-38:10; see also ECF Dkt. No. 12.

Ozy has not yet appeared in response to the summons issued in the case, but is required to do so by March 8, 2023.

II.     The Status of the Case

In the Court's March 1, 2023 order, the Court indicated that it planned to discuss four topics: (1) the interested parties list filed by the government on February 23, 2023 (ECF Dkt. No. 7); (2) the representation of Watson; (3) the potential need for a Curcio hearing or other conflicts-related matters; and (4) the scope and timing of discovery. The government addresses each of these topics below.

A.      The Interested Parties List

On February 23, 2023, the government filed under seal and ex parte a letter including list of parties currently identified by the government as potentially having an interest in the case so as to allow the Court to identify and assess any potential conflicts of interest. In an effort at completeness, the government included the law firms that have represented the defendants during the course of the investigation and all known investors in Ozy, as well as other identified victims and potential trial witnesses.

As set forth in the government's letter, the government respectfully submits that filing the letter ex parte and under seal is appropriate to protect the privacy interests of victims and witnesses identified in the letter, to protect the government's still ongoing investigation and to prevent potential efforts at obstruction by the defendants. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation and privacy of victims and third parties may be compelling reason justifying sealing); see also United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) (same). As set forth in the government's letter regarding bail conditions, the defendants have already attempted to obstruct the investigation and retaliate against witnesses, and there is a risk that they will do so again if given the opportunity. See ECF Dkt. No. 6 at 4-5, 7-8. In addition, this case has generated substantial

publicity, and several victims and witnesses have expressed their desire to remain anonymous to avoid unwanted publicity for as long as possible.

The government further respectfully submits that ex parte filing will not prejudice the defendants. The government did not make any motions or requests in its letter, which was intended only to provide information for the Court's benefit. Moreover, the defendants are not entitled to learn the identities of potential victims or government witnesses at this stage in the proceedings, and courts have repeatedly held that ex parte filing is appropriate to avoid early disclosure of a party's witness list. See United States v. Ray, 337 F.R.D. 561, 572 (S.D.N.Y. 2020) (ex parte filings appropriate to avoid requiring party "to detail its trial strategy or witness list" to opposing party); United States v. Boyle, No. 08-CR-523 (CM), 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009) ("[T]he Court will allow ex parte applications where a party can demonstrate that it would be required to prematurely disclose its trial strategy, witness list, or other privileged information in its application.").

To the extent the Court has any questions about the individuals or entities included on the government's list, the government respectfully requests that the Court raise any such questions ex parte and that the government be permitted to respond to any such questions ex parte, so as to avoid disclosure of those individuals' and entities' identities.

B. The Representation of Watson and Ozy

Based on the letter filed on Watson's behalf on March 2, 2023 (ECF Dkt. No. 16), the government understands that Watson is currently looking for new counsel to represent him in this case. Earlier today, the Court issued an order stating that it would appoint counsel for Watson upon Watson's submission of a financial affidavit.

The government understands that Steptoe had previously been representing Ozy in addition to representing Watson, but it is unclear if Steptoe will continue to represent Ozy in this case. At this time, no one has filed a notice of appearance on behalf of Ozy.

The government notes that, on March 1, 2023, Ozy publicly stated that it was "suspend[ing] operations immediately," which may have implications for who will be leading Ozy and who that person or entity may choose to retain as counsel. See OZY (@ozy), Twitter (Mar. 1, 2023, 6:25 PM), https://twitter.com/ozy/status/1631073318433325059 ("In light of its current operational and legal challenges, the OZY board has determined that it's in the best interests of its stakeholders to suspend operations immediately."). The government is monitoring the situation and will provide updates to the Court, as appropriate, as it learns more.

C. The Potential Need For a *Curcio* Hearing

In light of the current uncertainty regarding Watson's and Ozy's representation, the government respectfully submits that it is too early to determine whether a Curcio hearing may be necessary. To the extent Steptoe continues to represent either defendant, a Curcio hearing would be necessary. To the extent Watson and Ozy are ultimately represented by conflict-free counsel, no hearing would be necessary. The government therefore respectfully seeks leave to address the issue of a Curcio hearing in the future after the outstanding representation issues are settled.

D.     The Scope and Timing of Discovery

The government anticipates substantial discovery in this matter, including over one million documents and extractions from numerous electronic devices.

The day after Watson's arraignment, on February 24, 2023, the government wrote to counsel from Covington and Steptoe to request a pretrial discovery conference pursuant to Federal Rule of Criminal Procedure 16.1. Although defense counsel responded that they would confer and propose dates for the conference, they have not yet done so, presumably because of the ongoing uncertainty regarding representation.

Once the representation issues are settled, the government hopes to confer promptly with defense counsel for both defendants to discuss issues including (1) a timeline for Watson and Ozy to complete their responses to the outstanding subpoenas previously served upon them; (2) a protective order for the discovery, which includes commercially sensitive information and personally identifying information for victims and witnesses; (3) whether Ozy will consent to disclosure to Watson of potentially privileged documents (which are currently being reviewed by a government filter team); and (4) defense counsels' preferences for the formatting of discovery.

Following the discovery conference and the entry of a protective order, if approved by the Court, the government anticipates that it will be able to produce the vast majority of Rule 16 material currently in its possession within approximately one month. To the extent the government obtains additional Rule 16 materials as the investigation continues, the government anticipates producing such materials on a rolling basis.

*          *          *

The government thanks the Court for its attention to these matters and will endeavor to be prepared to address any other issues raised at the March 6, 2023 status conference.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
         Jonathan Siegel
         Gillian Kassner
         Dylan A. Stern
         Assistant U.S. Attorneys
         (718) 254-6293 (Siegel)

cc:     Clerk of the Court (via ECF)
        All Counsel of Record (via ECF)