```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
UNITED STATES OF AMERICA,     : 23-cr-00082(EK)
                              :
                              :
   - versus -                 : U.S. Courthouse
                              : Brooklyn, New York
CARLOS WATSON, ET AL.,        :
                              : May 24, 2023
             Defendants       : 10:51 a.m.
------------------------------X

      TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE ERIC R. KOMITEE
               UNITED STATES DISTRICT JUDGE
```

**A P P E A R A N C E S:**

**For the Government:**           Breon S. Peace, Esq.
                                  United States Attorney

                          BY:     Dylan A. Stern, Esq.
                                  Jonathan Siegel, Esq.
                                  Assistant U.S. Attorneys
                                  271 Cadman Plaza East
                                  Brooklyn, New York 11201


**For Def. Watson:**              Noam Biale, Esq.
                                  Neesha Chhina, Esq.
                                  Sher Tremonte LLP
                                  90 Broad Street, 23rd Floor
                                  New York, New York 10004

**For Def. Ozy Media:**           Kenneth J. Montgomery, Esq.
                                  198 Rogers Avenue
                                  Brooklyn, New York 11225

**Incoming Def. Counsel:**        Ronald Sullivan, Esq.
                                  Duncan Levin, Esq.


**Transcription Service:**        Transcriptions Plus II, Inc.
                                  61 Beatrice Avenue
                                  West Islip, New York 11795
                                  RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings

1      THE CLERK:  Criminal Cause for a Status
2 Conference, *United States of America v. Watson, et al.*,
3 docket number 23-cr-82.
4      Would you all please state your appearances for
5 the record starting with the government?
6      MR. SIEGEL:  Good morning, your Honor.
7 Jonathan Siegel and Dylan Stern for the United States.
8      THE COURT:  Good morning.
9      MR. BIALE:  Good morning, your Honor.  Noam
10 Biale and Neesha Chhina from Sher Tremonte, LLP on behalf
11 of Mr. Watson who is present on the telephone.
12      MR. MONTGOMERY:  Good morning, your Honor.
13 Kenneth Montgomery on behalf of Ozy Media.
14      THE COURT:  Good morning.
15      MR. SULLIVAN:  And your Honor, Ronald Sullivan
16 here with Duncan Levin at the invitation of the court.
17      THE COURT:  Good morning and thank you for
18 accepting our invitation this morning.
19      You're sitting in a different seat than you're
20 sitting in on our other case.
21      MR. SULLIVAN:  Yes.
22      THE COURT:  All right.  So we're here this
23 morning, as you all know, in connection with Mr. Watson's
24 request for a substitution of counsel. My inclination is
25 to grant that motion but I just want to make sure of

1 certain things before I do.

2 This case is only a few months old as I think
3 everybody knows, but already has a little bit of a
4 tortured history, or maybe a tortured history in the
5 making.  There was some initial hiccups and hesitations
6 in connection with both defendants' efforts to engage
7 counsel, much more on the corporate side, but there were
8 some false starts with respect to the individual
9 representation of Mr. Watson as well.  I think a law firm
10 that had been representing him for some time appeared at
11 his initial arraignment but said they were doing so for a
12 limited purpose and then there was some period thereafter
13 during which his own representation was in question.

14 Following that, there were a bunch of requests
15 to adjourn status conferences and extend other deadlines
16 at times in ways that I thought had the potential to
17 interfere with the overall arc of the case.  And we had
18 some back and forth on ECF at times where attorneys were
19 submitting multiple requests to adjourn and I was
20 sequentially denying, or at least denying in part those
21 requests.

22 And then earlier this week, as I think you all
23 know, we had a missed deadline in connection with the
24 briefing schedule on the government's motion to compel.
25 I understand that was attributable to a misunderstanding

1  or miscommunication between incoming and outgoing counsel
2  and those things happen.  But the high level message I
3  want to get across first is this case is set to go to
4  trial in May of 2024, so about a year from now, and I
5  have every expectation that that schedule will hold.
6           And so before we proceed actually to grant the
7  motion for substitution of counsel here, I just wanted to
8  hear from Mr. Sullivan whether you believe you're in a
9  position to meet the existing schedule.  And I mean not
10 just the existing schedule for jury selection and trial,
11 but also we have a handful of motions, the briefing of
12 which is in progress.  And I want to make sure those kind
13 of intermediate deadlines will hold as well.
14          MR. SULLIVAN:  So I'll start from the back.  I
15 am available and have cleared my calendar for May '24,
16 end of May '24 for jury selection and trial.  So I am
17 available there.
18          With respect to things on the scheduling order
19 which I have looked at, I can certainly say that I should
20 be prepared to meet those.  I'm not saying definitely
21 because I haven't read a case, so it may be that
22 something in one particular incident pops up that I might
23 need more time.  I don't know.  But for the most part I
24 can represent to your Honor that nothing in the
25 scheduling order seems prohibitive for me to meet.

1  THE COURT: Okay. So as far as the works in
2 progress go -- did we get, by the way, I haven't checked
3 ECF, the filing from Mr. Watson in response to the motion
4 to compel?
5  MR. BIALE: Yes, your Honor. It was filed late
6 last night.
7  THE COURT: Okay. Thank you. Hopefully not
8 too late but --
9  MR. BIALE: This is the life we chose, your
10 Honor.
11  THE COURT: That is the life we chose. I was
12 just going to say that's the job.
13  I can't remember if I set a date for a reply on
14 that motion or not.
15  MR. SIEGEL: Yes, your Honor. You set it for
16 next Wednesday, which I believe is May 31st.
17  THE COURT: Okay, yes. May 31st is the
18 government's reply brief. We have an indication from Mr.
19 Watson that he intends to move to suppress the devices
20 that were seized at the time of his arrest and that's I
21 think the first deadline for Mr. Watson's counsel which
22 is June 5th motion to suppress. That's pretty rapidly
23 approaching and obviously there's the long holiday
24 weekend in the meantime. Is that something we should
25 talk about today?

1          MR. SULLIVAN:  That is something we should talk
2    about today, your Honor.  Not only the long weekend.
3    Actually, I start trial on Friday, the Friday before the
4    long weekend, which is, yes, so --
5          THE COURT:  Opening statements on Friday or
6    just jury selection?
7          MR. SULLIVAN:  Opening statements on Friday.
8          THE COURT:  Interesting.
9          MR. SULLIVAN:  So I am in the throes of trial
10   now.  It'll be a short one.  But that's one where I would
11   be seeking a brief extension.
12         THE COURT:  Give me an order of magnitude.
13         MR. SULLIVAN:  Indulgence.
14         THE COURT:  Yes.
15         MR. BIALE:  If we can just have a moment?
16         THE COURT:  Yes, please.
17              (Pause in proceedings)
18         MR. SULLIVAN:  So your Honor, I suspect I'll be
19   out of trial within a week.  Can we have two weeks on
20   that motion?
21         THE COURT:  Two weeks from today or two weeks
22   from --
23         MR. SULLIVAN:  From the due date, from the 5th,
24   so 19th.
25         THE CLERK:  June 20th.

Proceedings

MR. SULLIVAN:  I'm sorry?

THE CLERK:  The 19th is Juneteenth so it would be June 20th.

THE COURT:  June 20th.

MR. SULLIVAN:  June 20th.

THE COURT:  I mean this is really a motion where the urgency lies on the defense side so it's fine with me if it's fine with the government.

MR. SIEGEL:  No objection, your Honor.

THE COURT:  Okay.

MR. SIEGEL:  The only question I have is I assume you'll also adjourn our dates and whether it makes sense to move the status conference so that that can also serve as oral argument on the motion.

THE COURT:  All right.  So let's just map out that schedule.  So June 20th is the motion to suppress. 30 days, let's call it four weeks, from there is the government's response.

MR. SIEGEL:  That's right.

THE COURT:  So Tuesday the 18th of July.  And then the defense reply, if any, we'll call that July 26th.  So if we do move the status conference to accommodate argument, I think would be looking at the first week of August.  Maybe the 2nd or 3rd?

MR. MONTGOMERY:  Brief indulgence.

1    MR. SIEGEL:  That's fine for the government.

2    MR. SULLIVAN:  The 2nd is agreeable with us.

3    THE COURT:  Okay. Wednesday, August 2nd for a
4 status conference.

5    MR. SULLIVAN:  Yes.

6    THE CLERK:  At 10:30.

7    THE COURT:  10:30 a.m.

8    MR. SIEGEL:  And your Honor, just to make sure
9 I have it clear, so we're adjourning the July 6th
10 conference?

11    THE COURT:  Unless anybody has any other
12 purpose in mind for that conference.  I think I can rule
13 on the papers as to the motion to compel.  You don't
14 sound like you're asking for oral argument on that.

15    MR. SIEGEL:  If the Court has questions, we're
16 happy to come in but we're not requesting oral argument.

17    THE COURT:  Okay.  Yes, I think that should be
18 the next status conference barring any unforeseen
19 developments.

20    So the status conference currently set for July
21 6th is vacated or adjourned to August 2nd at 10:30.
22 We've already excluded time under the Speedy Trial Act I
23 think through the day of opening statements at the
24 request of both parties.  Obviously, Mr. Sullivan, if you
25 want to revisit that, there's nothing set in stone as to

1 the Speedy Trial Act and I'm happy to take up that
2 question any time you come to a different view once
3 you've been substituted in as counsel.
4     Mr. Watson, you're with us, right, on the
5 phone?
6     THE DEFENDANT:  Yes, your Honor, I am.
7     THE COURT:  Okay.  And have you heard
8 everything that's transpired here so far?
9     THE DEFENDANT:  I have.
10     THE COURT:  All right.  So you've heard me say
11 that I am inclined to grant the motion for substitution
12 of counsel.  This would be the third set of lawyers
13 appearing on your behalf since this case was actually
14 filed.  And I'm aware that you were represented by other
15 lawyers even before that in the investigative phase, or
16 at least I'm advised rightly or wrongly that that was the
17 case.
18     I want to be clear that I will not indulge an
19 endless series of requests for substitution of counsel.
20 And as I've indicated today, I will not indulge any
21 request for substitution of counsel that will cause the
22 long settled trial date in this case to move.
23     And so before I rule on the request for
24 substitution of counsel now, I just want to indicate to
25 you that you should be extremely confident at this point

1  that Mr. Sullivan is the lawyer you want representing you
2  for the duration of this case.  You should understand
3  that any future requests to substitute counsel again may
4  or may not be granted.  And you should indicate as much
5  to me on the record before we move forward.
6            Are you still inclined to seek a substitution
7  of counsel given everything I've just said about the
8  likelihood that this will be the last time we do so?
9            THE DEFENDANT:  I am.
10           THE COURT:  Okay.  Do you want to speak to
11 either your outgoing lawyers or your putative incoming
12 lawyer before we finalize that concern?  We will be happy
13 to put you on a private line with any or all of them
14 before you commit if there's any thing you've heard today
15 that makes you want to talk more.
16           THE DEFENDANT:  I appreciate that offer but
17 it's not necessary.  Thank you.  I appreciate you moving
18 forward.
19           THE COURT:  All right.  Thank you.  I'll
20 reiterate what I said at an earlier status conference
21 about the presumption being that Mr. Watson should be
22 with us in person for status conferences going forward
23 rather than on the phone.  We indulged the request today
24 given that this conference was assembled on the fly and
25 that travel would have been more difficult because of

1  that.
2          Mr. Watson, your motion to substitute counsel
3  is granted conditioned on Mr. Sullivan filing a notice of
4  appearance in this case.  The substitution won't become
5  effective until that notice of appearance is filed.
6          And Mr. Biale, your motion to be relieved as
7  counsel will be granted on the same condition.
8          MR. BIALE:  Thank you, your Honor.
9          THE COURT:  All right.  Anything else from the
10 government's side before we adjourn today?
11         MR. SIEGEL:  No.  Thank you, your Honor.
12         THE COURT:  Anything else from the defense
13 side?
14         MR. SULLIVAN:  No, your Honor.  Thank you.
15         THE COURT:  All right.  Thank you all.  We will
16 look forward to the continued briefing of the motions.
17 We're adjourned.
18                    (Matter concluded)
19                          -oOo-
20
21
22
23
24
25

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **25th** day of **May**, 2023.

_____
*Mary Greco*
Transcriptions Plus II, Inc.