```
                  UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK (BROOKLYN)
    -----------------------------:
                                 :
    UNITED STATES OF AMERICA,    :  Case No.: 23-cr-0082
                    Plaintiff,   :  Brooklyn, New York
                                 :  August 2, 2023
           v.                    :  10:44 a.m. - 10:58 a.m.
                                 :
    CARLOS WATSON,               :
                    Defendant.   :
    -----------------------------:


                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE ERIC R. KOMITEE
                    UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For Government:              UNITED STATES ATTORNEY'S OFFICE
                             EASTERN DISTRICT OF NEW YORK
                             BY:  Jonathan Siegel, AUSA
                                  Gillian Kassner, AUSA
                                  Dylan Stern, AUSA
                             271-A Cadman Plaza East
                             Brooklyn New York 11201


For Defendant:               RONALD SULLIVAN LAW PLLC
                             BY:  Ronald S. Sullivan, Esq.
                             1300 I Street NW
                             Suite 400E
                             Washington, DC 20005


For Defendant:               KENNETH J. MONTGOMERY, ESQ.
Ozy Media, Inc.              198 Rogers Avenue
                             Brooklyn, New York 11225


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

         AMM TRANSCRIPTION SERVICE 631.334.1445

```
 1            THE DEPUTY CLERK:  Criminal cause for a
 2   status conference in The United States of America
 3   versus Carlos Watson, et al.; Docket Number
 4   23-cr-0082.
 5            Would you all please state your appearances
 6   for the record, starting with the government.
 7            MR. SIEGEL:  Good morning, Your Honor.
 8   Jonathan Siegel, Gillian Kassner and Dylan Stern for
 9   the United States.
10            THE COURT:  Good morning.
11            MR. SULLIVAN:  Good morning, Your Honor.
12   Ronald Sullivan here with Duncan Levin, Kyle Skinner
13   and Luke Brumboken on behalf of Mr. Watson.
14            THE COURT:  Good morning.
15            MR. MONTGOMERY:  Good morning, Your Honor.
16   Kenneth Montgomery for Ozy Media.
17            THE COURT:  Good morning.  All right.  We
18   are here, as you all know, for a status conference
19   this morning.  I have the government's letter of
20   yesterday telling me that substantially all Rule 16
21   discovery currently in its possession has been
22   produced, the largest exception being the data from
23   devices seized from the defendant at the time of his
24   arrest.  And the government says they're engaged in
25   some communications, potentially with an eye towards
```

```
 1  allowing for a privilege log to be produced, but
 2  that they want that process resolved by August 25th.
 3          Anything else to say on that subject or to
 4  accomplish here?
 5          MR. SIEGEL:  No, Your Honor.
 6          MR. SULLIVAN:  No, Your Honor.
 7          THE COURT:  Okay.  You expect that whatever
 8  privilege logs need to be produced in order to
 9  resolve those issues fully will be produced by
10  August 25th?
11          MR. SULLIVAN:  As far as I know now, yes.
12          THE COURT:  Can you say more about what "as
13  far as I know" means in that context?
14          MR. SULLIVAN:  If a huge amount of
15  information emerges that I'm unaware of, that I
16  can't control -- everything within my control, yes.
17          THE COURT:  Okay.  I mean, just to maybe
18  delve one level deeper on that subject, the
19  government says -- this letter is not filed under
20  seal, right?  It's not.  I understand.
21          The government says that they sent you the
22  contacts list for Mr. Watson's phones and asked you
23  to identify any contacts with whom there may have
24  been privileged communications.  I take that to mean
25  mostly tell us whether any of these people are
```

1  lawyers. Has that response gone out yet?
2          MR. SULLIVAN: No, not yet.
3          THE COURT: Is there -- when do you expect
4  that response to go out?
5          MR. SULLIVAN: Soon, Your Honor. We're
6  actively working on it. I don't want to give a
7  specific date, but we're actively working on it.
8          THE COURT: Okay. My interest is in simply
9  reminding the parties that we have a trial date in
10 the first half of next year, and that at the moment,
11 I have every -- well, at the moment and for every
12 enduring moment, I expect that that trial date will
13 hold.
14         MR. SULLIVAN: We are absolutely ready to
15 go, and eager to try it on those dates.
16         THE COURT: Good to hear. Okay.
17         MR. SIEGEL: Your Honor, on the phone
18 contacts, I mean, we had sent it to the defense
19 earlier in July and asked them to get it back to us
20 by the 25th because we're moving forward with the
21 review. So this is the first I've heard that
22 they're still working on it. I had assumed they
23 were just not identifying anybody when they never
24 got back to us. But at a certain point, if they
25 don't get back to us, as Your Honor said, the trial

1  is moving forward, and we're going to move forward
2  with the review.
3          THE COURT: I mean, one way, I think to
4  resolve questions like that, is for people to pick
5  up the phone and call each other and not simply
6  assume that another party's silence is a definitive
7  indication one way or the other of their intentions.
8  I understand that you shouldn't have to chase the
9  other side, but that being said, some dialogue
10 between the parties on these logistical issues, I
11 think, might go a long way.
12         MR. SULLIVAN: No objection to picking up
13 the telephone from this side.
14         THE COURT: Yeah. One of the things I'm
15 trying to teach my law clerk is about the value of
16 actual phone contact in lieu of e-mails. Some
17 generational aspect there, perhaps. Okay.
18         So that's, I think, everything in terms of
19 the moving parts on discovery. Anything else to say
20 or know about the progress of discovery?
21         MR. SIEGEL: Everything we put forth in our
22 letter.
23         THE COURT: Okay. All right.
24         Turning next on my agenda, and then when I
25 conclude my agenda, I will, of course, turn it over

1  to the parties. Pretrial motions. So we have
2  pending a motion to suppress the fruits of the
3  search of Mr. Watson's devices. We are working on
4  that in chambers and expect to get an answer out
5  fairly imminently. There is Mr. Watson's motion to
6  dismiss the indictment, which was filed just this
7  week. Makes sense, I think, to set a briefing
8  schedule for the government's response to that
9  motion. What's a reasonable time frame in that
10 respect?
11          MR. SIEGEL: Three weeks, Your Honor.
12          THE COURT: Three weeks from today is fine.
13 And then two weeks from that date for a reply brief,
14 if any.
15          The case manager can, perhaps, tell us what
16 those dates actually are.
17          Government's response, August 23rd.
18 Defense reply, if any, September 6th.
19          Do we think that this week's motion to
20 dismiss the indictment concludes pretrial motion
21 practice; or that there may be other motions
22 forthcoming?
23          MR. SULLIVAN: There may be other motions
24 forthcoming. If the Court wants to set a motions
25 deadline, I think that would be advisable.

1       THE COURT: Yeah, I know that -- so, first
2  of all, there's been a bit of a moving target with
3  the substitution of counsel. I understand that. I
4  know there's been some conversation back and forth
5  between the parties about a Bill of Particulars. I
6  don't know if you've resolved that.
7       MR. SULLIVAN: That's resolved. The
8  government's response is sufficient for us.
9       THE COURT: Good to know. Okay. So any
10 other defense motions, And I don't mean motions in
11 limine, but any other real pretrial motions should
12 be filed on or before Monday, the 28th of August.
13 And the government's response, if there are any such
14 motions, should be filed on or before Monday,
15 September 18th.
16      MR. SIEGEL: That's fine, Your Honor. The
17 only question is whether it might make sense to just
18 consolidate those two motion schedules we've just
19 set, so that our opposition to the motion to dismiss
20 can be on the same schedule as our opposition to
21 their forthcoming motions, so that we're not
22 continually filing motions, filing briefs.
23      THE COURT: And in that respect, you're
24 saying we would push back the government's response
25 date on the motion to dismiss the indictment.

1  MR. SIEGEL:  To whatever date to respond to
2  whatever other motions they have.  So we just have
3  one briefing schedule.
4  THE COURT:  Yeah, that's fine with me.
5  Okay.  So I think I just said that your response to
6  the new motions, if any, would be due September
7  18th, I think I said.
8  MR. SIEGEL:  Yes, that's right.
9  THE COURT:  September 18th.  We'll
10 consolidate your response to the motion to dismiss
11 the indictment with that schedule.  So that will be
12 the due date.  And then defense reply briefs, if
13 any, for all of those motions, any and all of those
14 motions by October 2nd; Monday, October 2nd.
15 MR. SULLIVAN:  Very well.
16 THE COURT:  Okay.  Mr. Sullivan, from your
17 perspective, does the prior letter motion practice
18 regarding the U.S. Attorney's Office's press release
19 remain an open item?
20 MR. SULLIVAN:  It does, Your Honor.
21 THE COURT:  Okay.  I will respond on that
22 in the near future, as well as I will on Mr.
23 Watson's motion to suppress.  One thing to note in
24 respect of the motion to suppress is that we haven't
25 had any sort of affidavit from Mr. Watson himself.

```
 1    And in the Second Circuit, as I'm sure you know,
 2    that is integrally related to the question of
 3    whether a hearing is warranted.
 4              Do you have any desire, intention to submit
 5    such an affidavit?
 6              MR. SULLIVAN:  We can do that, Your Honor,
 7    yes --
 8              THE COURT:  Let's say that that --
 9              MR. SULLIVAN:  -- if it will aid the Court.
10    Well, we can do that quickly.
11              THE COURT:  Yeah.  Let's say that that
12    submission shall occur by the close of business a
13    week from today --
14              MR. SULLIVAN:  Very well.
15              THE COURT:  -- or before.  I think that
16    concludes my agenda.
17              Anything else from the government?  I mean,
18    obviously, we'll set a new status conference date
19    probably for -- if we are in the very beginning of
20    August, and if this motion's schedule is going to
21    conclude in early October, I would think something
22    in the first or second week of October.  But I'm
23    open to suggestions from the parties on that as
24    well.
25              MR. SULLIVAN:  I have a trial October 6.
```

1  Another trial that starts on a Friday.
2          THE COURT: Is your trial in this building,
3  by any chance?
4          MR. SULLIVAN: No, it's in DC,
5  unfortunately. So I would say, if it pleases the
6  Court, the week of the 16th.
7          THE COURT: That's fine with me. October
8  16th, that week?
9          MR. SIEGEL: It's fine by the government.
10         MR. MONTGOMERY: Works for me, Your Honor.
11         THE DEPUTY CLERK: Monday, October 16th at
12  10:00 a.m.
13         THE COURT: Anything else on the defense
14  agenda today?
15         MR. SULLIVAN: Brief indulgence.
16         Mr. Levin is reminding me I'm overly
17  optimistic of finishing the trial by the 16th. And
18  I think it's Columbus weekend. He's telling me
19  pretrial conference is the 6th. So can we look at
20  the 23rd, that week?
21         THE DEPUTY CLERK: October 26th at 2:30.
22         MR. SIEGEL: It's fine by the government.
23         THE COURT: October 26th at 2:30. That
24  shall be the date and time.
25         MR. SULLIVAN: Very well.

```
 1              THE COURT:  Okay.  Mr. Montgomery, anything
 2   else from you?
 3              MR. MONTGOMERY:  The only thing in my
 4   schedule that day is Judge Dearie's memorial
 5   acknowledgment.
 6              THE COURT:  Let's not jump the gun.
 7              MR. MONTGOMERY:  Please don't repeat that.
 8   Kidding.
 9              MR. SULLIVAN:  It's on the record,
10   unfortunately.
11              THE COURT:  The record shall be sealed as
12   to that.  I'm just kidding.  I will, obviously, want
13   to be there as well.  2:30, you said the ceremony
14   starts at 4:00?
15              MR. MONTGOMERY:  Yes.
16              THE COURT:  I think we'll be done.  We'll
17   even have you, I think, to your video conference
18   before 11:00.
19              MR. MONTGOMERY:  Yes, thank you, Judge; I
20   appreciate it.
21              THE COURT:  All right.  Thank you,
22   everyone.  We will reconvene in late October.  Stay
23   safe in the meantime.
24              MR. SIEGEL:  Thank you, Your Honor.
25              THE COURT:  Be well.
```

C E R T I F I C A T E

I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of USA v. Carlos Watson; Docket #23CR0082 was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature  *Adrienne M. Mignano*

ADRIENNE M. MIGNANO, RPR

Date:      August 23, 2023