

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

HDM:JRS/DAS
F. #2021R00900

January 29, 2024

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Carlos Watson and Ozy Media, Inc.
               Criminal Docket No. 23-82 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter in response to the defendants' January 29, 2024 letter regarding the disclosure of documents covered by the protective order in this case. See ECF No. 107 (the "Protective Order Letter" or "PO Ltr.").

      At the January 18, 2024 status conference in this matter, the Court directed Watson's counsel to submit a letter "outlining the number of documents shared, how they were shared, and whether or not he agrees that the protective order restricted the documents from being shared." ECF Minute Entry dated Jan. 18, 2024. The defendants have not fully complied with that order.

      Specifically, while the Protective Order Letter concedes that "protected documents" were improperly disclosed to Watson's civil counsel (PO Ltr. at 2), the letter does not answer the first two questions posed by the Court: (1) the number of documents shared; and (2) how they were shared. To be sure, the Protective Order Letter acknowledges the improper disclosure of the three internal Buzzfeed emails that the government previously identified as being quoted in Watson's civil complaint. But the letter does not answer whether these were the only three documents that were shared with civil counsel or others. Moreover, the Protective Order Letter stated that the three Buzzfeed documents "were copied into a folder that similarly did not bear any indication that that any document stored therein was subject to a protective order"[1] (PO Ltr. at 1), but does not explain who placed these documents in this folder, whether

---

[1]    The Protective Order Letter says that the three Buzzfeed emails "did not bear any marking indicating that they we [sic] subject to a protective order." PO Ltr. at 1. This is incorrect, as every document produced by the government is stamped with a government Bates number, and all documents produced by the government are subject to the protective order in this

those were the only protected documents placed in this folder, or how civil counsel had access to this folder (or any other folders containing protected materials). For example, did civil counsel receive access to the full document database, including all protected documents? Were they provided with limited access to only a subset of protected documents? If so, which protected documents? The answers to these questions, along with understanding the full scope of the dissemination of protected documents, is necessary to determine the appropriate remedy for the violation.

        Accordingly, the government respectfully requests that the Court order Watson, consistent with its prior order, to submit a letter stating how many documents were shared with civil counsel (or any other party not subject to the protective order) and how they were shared. Once the government knows such information, it will be in a better position to assess whether it continues to believe its original proposed remedy is appropriate, whether it agrees with Watson's proposed remedy or whether some other remedy is proper.

        Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Jonathan Siegel
Gillian Kassner
Dylan A. Stern
Assistant U.S. Attorneys
(718) 254-6293/6224/6213

cc:    Clerk of the Court (EK) (by ECF)
       Counsel of Record (by ECF and email)

---

case, except "(a) documents and materials that are or become part of the public record, including, but not limited to, documents or materials that are received in evidence at other proceedings; or (b) documents or materials that are already within the possession, custody, and control of, or available to, the defendants or defense counsel; or (c) documents or materials that become available to the defendants or defense counsel through some means other than production in this litigation." ECF No. 54 ¶ 6. Because these documents were plainly internal Buzzfeed communications, it is implausible that anyone could have thought they fell into any of these exceptions.