

U.S. Department of Justice

United States Attorney
Eastern District of New York

JRS/GK/DAS
F. #2021R00900

271 Cadman Plaza East
Brooklyn, New York 11201

May 27, 2024

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Carlos Watson and Ozy Media, Inc.
                  Criminal Docket No. 23-82 (EK)

Dear Judge Komitee:

        The government respectfully submits this letter in response to the defendants' May 26, 2024 exhibit disclosure.  See ECF No. 163.  While the Court has already issued an Order denying the defendants' request for leave to file these exhibits late, the Court further noted that it "will consider appropriate remedies in the coming days."  May 27, 2024 Docket Entry.  For the reasons stated below, the government respectfully submits that the proper remedy is to preclude the defendants from admitting any exhibits not previously disclosed by or to the government and any exhibits not identified as a potential defense exhibit in the defendants' prior May 22, 2024 exhibit list.

        On May 24, 2024, the Court ordered the defense "to produce to the government, no later than 5:00 p.m. on May 26, the 250 exhibits it currently believes it is most likely to introduce in its case-in-chief."  ECF No. 160 ("May 24 Order") at 3-4 (emphasis omitted).  The Court further ordered that these exhibits be "**individually pre-marked** in accordance with the Court's Individual Rules."  Id. at 4 (emphasis in original).  The Court cautioned that the defense "should not assume that exhibits it does so produce will be admitted over a timeliness objection."  Id. at 4.  "That will depend on – among other things – whether, when, and how the item was produced in discovery, and what prejudice (if any) the government would suffer from the late introduction."  Id.  Based on the terms of the Court's Order, most of the defense exhibits should be precluded.

        As a threshold matter, the defense exhibits do not comport with the Court's Individual Rules.  The Court could not have been clearer with the defense that its exhibits must be individually marked.  See May 24 Order at 4; Judge Eric Komitee, Individual Rules and Practices, Section V.E.1 ("Counsel should take care to ensure that exhibits are . . . identified and marked individually." (emphasis omitted)); May 16, 2024 Tr. 45, 46 (confirming twice with the

defense that their exhibits were individually marked). Of the 250 exhibits that the government received after 9:00 p.m. on May 26—after the Court's deadline, as noted in the Court's May 27, 2024 Order—<u>zero</u> were individually pre-marked. Although this may not be grounds for preclusion standing alone, it falls into "a larger history of noncompliance by the defendants with the Court's orders," continues to burden and inconvenience the government, and should factor into the preclusion analysis. May 24 Order at 3; <u>see also</u> May 27, 2024 Docket Entry.

Next, the vast majority of documents on this list—approximately 185 of the 250 exhibits identified—have not previously been produced by or to the government. This is alarming. The government first requested disclosure of the defendants' Rule 16 materials more than a year ago in a discovery letter dated April 21, 2023, and renewed its request in letters accompanying every subsequent discovery production. <u>See</u> ECF Nos. 55, 58, 60, 74, 75, 76, 77, 90, 98, 105, 118, 120, 121, 126. More importantly, these 185 undisclosed documents should have been produced in response to the grand jury subpoenas issued to both defendants and pursuant to the Court's July 28, 2023 order to compel. <u>See</u> ECF No. 81. Producing these 185 documents to the government after jury selection, late at night on the Sunday before trial is set to begin, approximately <u>ten months</u> after the order to compel, takes sandbagging and flouting the Court's orders to the extreme. At a minimum, these 185 documents should be precluded on this basis. <u>See</u> May 24 Order at 4 (noting that admissibility of defense exhibits will depend on "whether, when, and how the item was produced in discovery").

In addition, the latest defense exhibit list illustrates the gamesmanship at play. Of the 250 exhibits, 218 of them—the 185 referenced above, plus an additional 33—were not on the approximately 3,100-item exhibit list provided to the government on May 22, 2024. <u>See</u> ECF No. 155-1.[1] This moving of the goalposts is part of a larger pattern with the defense, and it leaves the government in a position of scrambling on the eve of trial, which is exactly what Rule 16, relevant precedent, and this Court's Individual Rules are designed to avoid. <u>See, e.g.</u>, May 24 Order at 1-2 (detailing the defendants' persistent noncompliance with its exhibit disclosure obligations); May 27, 2024 Docket Entry ("As the Court and the parties have now discussed (and written about) extensively, these exhibits were due on May 10. And (at the risk of repetition), this is only the latest instance of the defense's failure to comply with its discovery obligations and court orders.").

The prejudice from the late disclosure of these exhibits is further heightened by the significant authenticity concerns surrounding the defense exhibits. The defendants' exhibit list included a "Created Date/Time" column, and 117 of the 250 total exhibits were "created" between May 24-26, 2024. All 117 of these recently "created" documents—which purport to be contracts, insertion orders and other agreements that Ozy had with third parties over the period 2016-2022—fall within the 185 documents never before produced to the government.[2] The

---

[1]    These 33 additional documents were, however, on the initial, over-6,300-item exhibit list first provided to the government on May 16, 2024. <u>See</u> ECF No. 149.

[2]    It should be noted that several other contracts included as defense exhibits have "created" dates at or near the time of the purported contract itself, so this does not appear to be

defense has not explained (i) why these documents were never produced before; (ii) why metadata associated with the documents identifies them as having been "created" within the past three days when they purport to be agreements from 2016-2022; and (iii) why the documents were not included in either of the defendants' prior exhibit lists, notwithstanding the defendants' claim that their May 16, 2024 exhibit list of over 6,300 items "consist[ed] of the entire universe of documents that could be offered by the defendants at trial." ECF No. 155. The authenticity concerns are especially acute here because the government anticipates that it will prove at trial, among other things, that the defendants conspired to falsify and forge business agreements on numerous occasions, including by changing dollar figures and modifying other key terms to make them appear more favorable to the company. At this late stage of the case, the government has no realistic means of confirming that the agreements the defendants have identified in its latest disclosure are accurate and authentic.

Finally, even the defendants' narrowed list of exhibits continues to include documents that are plainly irrelevant and inadmissible. For example, within the 65 defense exhibits that had previously been produced by the government under Rule 16, there are multiple duplicates (including one email that appears to be included on the defense list four times), and a junk document that has only a third-party logo from a signature block. Within the 185 unproduced documents, approximately 15 of them appear to be contracts or insertion orders from 2016, well before the charged conspiracy; an additional five appear to be contracts or insertion orders from 2022 and 2023, after the charged conspiracy. And one of the documents appears to be an exact copy of the Excel spreadsheet that was used to support the proposed expert testimony of Barry Pincus/David T. Robinson on the topic of revenue, which was created after-the-fact and is replete with multiple levels of hearsay. See ECF No. 161-2 at 7-14. Thus, even among the set of documents that the defendants are "most likely to introduce in its case-in-chief" (May 24 Order at 3-4), a substantial portion of them, based on only a cursory review, appear plainly irrelevant and inadmissible.

*       *       *

The Court here issued a simple Order. The defendants violated it, yet again, and they did so in a manner that prejudices the government. At a minimum, to limit that prejudice and to prevent the defense from gaining an unfair advantage from their misconduct, the Court should preclude the defendants from admitting any of the 218 exhibits not previously disclosed to the government or not identified as a potential defense exhibit on the defendants' prior May 22, 2024 exhibit list. See Fed. R. Crim. P. 16(d)(2)(C); see also United States v. Bruce, 75 F. App'x 849, 851 (2d Cir. 2003) (affirming preclusion of defense exhibit based on untimely disclosure); United States v. Jasper, No. 00-CR-825 (PKL), 2003 WL 223212, at *5 n.7 (S.D.N.Y. Jan. 31, 2003) ("The Court notes that failure to provide discovery mandated under Rule 16 may result in a waiver of defendant's right to introduce such evidence at trial."); United

---

an issue where all the documents were simply saved to a new folder or scanned in the past three days.

States v. Wilson, 493 F. Supp. 2d 460, 462 (E.D.N.Y. 2006) (prohibiting defendant from introducing exhibits not produced three days or more before trial).

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/_____
       Jonathan Siegel
       Gillian Kassner
       Dylan A. Stern
       Assistant U.S. Attorneys
       (718) 254-6293/6224/6213

cc:    Clerk of the Court (EK) (by ECF)
      Counsel of Record (by ECF and email)