

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS/GK/DAS
F. #2021R00900

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 30, 2024

By E-Mail and ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Carlos Watson
Criminal Docket No. 23-82 (EK)

Dear Judge Scanlon:

The government respectfully submits this letter to provide the Court with additional information regarding the reliability of the assessment of the proposed Virginia property by the Gloucester County Department of Real Estate Assessment.

As the Court is aware, property assessment in New York are not a reliable measure of market value. There are three primary reasons for that unreliability. First, in New York, assessments are commonly set at a fraction of market value. For example, in New York City, single family homes are assessed at 6% of market value and large buildings are assessed that 45% of market value. See New York City Dep't of Finance, Determining Your Assessed Value, https://www.nyc.gov/site/finance/property/property-determining-your-assessed-value.page. Thus, assessed value will always be a small fraction of market value. Second, the gap between assessed value and market value can be further widened by caps on annual increases. Assessments on single-family homes, for example, cannot increase more than 6% per year or 20% over five years, which can result in assessments lagging behind even their fractional value of market value in a growing market. See id. Third, for apartments in buildings with more than three units, the underlying market valuation calculation is skewed by a requirement that such buildings be valued as if they were income-producing rental buildings, which can significantly undervalue coop and condo apartments. See New York City Dep't of Finance, Determining Your Market Value, https://www.nyc.gov/site/finance/property/property-determining-your-market-value.page.

None of these factors apply to property assessments in Virginia. Under the Virginia constitution and statutory laws, property must be assessed at 100% of fair market value. See Va. Const. art. X, § 2; Va. Code Ann. § 58.1-3201; see also Portsmouth 2175 Elmhurst, LLC

v. City of Portsmouth, 298 Va. 310, 322 (2020) ("The Constitution of Virginia requires that real estate be assessed at its fair market value."; statute requires "taxing authorities to assess real property at one-hundred percent fair market value").  Moreover, the government has conferred with a representative of the Gloucester County Department of Real Estate Assessment, who has confirmed that assessments are intended to be an accurate reflection of fair market value.  According to this representative, Gloucester County's most recent reassessment was in 2023 and was based on high-quality aerial photographs of assessed property and sales data from 2020, 2021, and 2022.[1]  That data was entered into a valuation model that compared a given property to recently sold similar property and accounted for differences in acreage — for example, only about one acre of a given property can be used for residential development and the marginal value of additional acres therefore decreases[2] — and other variables.

      The representative noted that real estate prices in Gloucester County have increased by approximately 10 to 12% since 2023, and based on comparisons to sales since the last assessment, the representative estimated that assessed value has amounted to approximately 90 to 95% of sale price.  The representative further noted that valuation of undeveloped land is somewhat less precise, and the assessed value for undeveloped land has amounted to approximately 80 to 90% of sale price.[3]  In light of the relative accuracy of the assessments, the representative noted that assessed values are commonly included in real estate listings in part to justify a seller's valuation of her or his home.[4]

      The government therefore respectfully submits that the Virginia property's assessment of $106,500 can be treated as a reliable benchmark of fair market value.  That assessment was made by an independent party with a statutory mandate for accuracy and was based on comprehensive data.  To be sure, it may not be exactly correct — as noted, assessments for land have been approximately 10 to 20% too low, suggesting that the true market value of the

---

[1] The model excludes certain involuntary sales, such as foreclosures, that may not be a reliable measure of market value.

[2] As a result, as noted in the government's July 29, 2024 letter, extrapolating the price per acre of a one-acre property to a 40-acre property is misleading.

[3] This is consistent with the government's comparisons of the assessed value and list prices of the properties identified by the defendant as comparable properties, as discussed in its July 29, 2024 letter, which found that assessed prices were relatively close to list prices.

[4] While including the assessment also allows purchasers to compute their tax burden, the representative indicated that taxes in Gloucester County may be less of a concern to many buyers because they are fairly low — 0.583%.  Thus, a $100,000 dollar property would owe $583 in property taxes.

property could plausibly be as high as approximately $130,000 — but it does render the defendant's estimated value of $750,000 implausible.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Jonathan Siegel
Gillian Kassner
Dylan A. Stern
Assistant U.S. Attorneys
(718) 254-6293/6224/6213

cc: Clerk of the Court (via ECF)
All Counsel of Record (via ECF)