

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

JRS/GK/DAS  
F. #2021R00900

*271 Cadman Plaza East
Brooklyn, New York 11201*

July 31, 2024

<u>By E-Mail and ECF</u>

The Honorable Vera M. Scanlon  
United States Magistrate Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

   Re: United States v. Carlos Watson  
     <u>Criminal Docket No. 23-82 (EK)</u>

Dear Judge Scanlon:

  The government respectfully submits this letter in response to the defendant's July 31, 2024 letter claiming that a comparative market analysis demonstrates a value of the proposed Virginia property of between $421,300 and $812,055.75.  <u>See</u> ECF No. 280.  That analysis is based on a comparison to the price per acre of three other properties.  The analysis suffers from the same flaws as the defendant's prior analysis, in that the defendant offers no explanation for why the purportedly comparable properties are in fact comparable and assumes a uniform price per acre for property of differing sizes, even though (according to a representative of the Gloucester County Department of Real Estate Assessment) the value per marginal acre generally steeply declines after the first acre.  The analysis also does not include any disclosure about what information was provided to the expert about the Virginia property, what independent research (if any) the expert conducted, and what assumptions the expert made about the relevant properties (if any).

  Moreover, the three properties identified by the defendant only further emphasize the general reliability of the Gloucester County Department of Real Estate Assessment's market value assessments.  Comparing the sales prices of the three properties to the assessed value shows that all of the sales prices are within $50,000 of the assessed value and, on average, the sales prices are approximately 26% higher than the assessed prices.  That variance is in line with the estimate of the Department of Real Estate Assessment's estimate that sales prices for land on average may be approximately 20% higher than the assessed value.  Even assuming those three properties are relevant to the analysis of the proposed Virginia property, extrapolating that

variance would suggest a sale price for the proposed Virginia property of approximately $135,000.[1]

The government therefore respectfully submits that the assessments by the Gloucester County Department of Real Estate Assessment remain the most reliable benchmarks of fair market value available and that, even after three days of hearings, the defendant has not proffered any reliable justification for his claim that the Virginia property is worth anything approaching $750,000.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/
Jonathan Siegel
Gillian Kassner
Dylan A. Stern
Assistant U.S. Attorneys
(718) 254-6293/6224/6213

cc: Clerk of the Court (via ECF)
All Counsel of Record (via ECF)

---

[1] Most of the gap between sales price and assessed value is driven by one property, described by the defendant as "Burgess Road," which is the least recent sale, from 2022, prior to the most recent assessment. For the other two properties, which sold in 2023 and 2024, subsequent to the most recent assessment, the average sale price was less than 5% higher than the assessed value. Using that variance would suggest that the Virginia property could be sold for approximately $111,000.

The assessed values and sales history of the properties identified by the defendant can be found at the below links:

| Address | Link |
| --- | --- |
| Old Pinetta Road | https://gis.vgsi.com/Gloucesterva/Parcel.aspx?pid=16439 |
| Burgess Road | https://gis.vgsi.com/Gloucesterva/Parcel.aspx?pid=21045 |
| Belroi Road | https://gis.vgsi.com/Gloucesterva/Parcel.aspx?pid=7412 |