U.S. Department of Justice

United States Attorney
Eastern District of New York

JRS/DAS/GK

271 Cadman Plaza East
Brooklyn, New York 11201

November 18, 2024

By E-mail

Senior United States Probation Officer Erica T. Vest
United States Probation Office
Eastern District of New York
27 Johnson Street
Brooklyn, New York 11201

      Re:    United States v. Carlos Watson
                Criminal Docket No. 23-82 (EK)

Dear Officer Vest:

      The government respectfully submits this letter pursuant to Fed. R. Crim. P. 32(f) in response to the presentence investigation report (the "PSR") for the defendant Carlos Watson disclosed on November 5, 2024. The government makes the following objections to the PSR:

**Paragraph 136**

      Paragraph 136 currently states that the maximum term of imprisonment for Count 2 (wire fraud conspiracy) is 20 years. But 18 U.S.C. § 1343 states that the maximum term of imprisonment for wire fraud is 30 years if "the violation . . . affects a financial institution."[1] Here, the indictment alleged and the jury found that the scheme affected a financial institution. See ECF No. 1 (Indictment) ¶ 101; ECF No. 256 (Verdict Form) at 2. Accordingly, the maximum term of imprisonment for Count 2 is 30 years.

      The government notes that this correction may affect the Probation Department's sentencing recommendation, which relied on the erroneous view that the statutory maximum sentence on Count 2 was 20 years. See Sent'g Rec. 3-4.

---

[1] 18 U.S.C. § 1349, in turn, states that an individual convicted of wire fraud conspiracy is "subject to the same penalties as those prescribed for the [substantive] offense."

**Paragraph 138**

>Paragraph 138 states:
>
>**Guidelines Provisions:** Based upon a total offense level of 39 and a criminal history category of I, the guidelines imprisonment range is 262 months to 327 months. However, the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the restricted guideline range is 262 months to 300 months. USSG § 5G1.2(b)

>This paragraph should be amended in three ways.

>First, pursuant to U.S.S.G. § 5G1.2(a) and (b), the Guidelines range of 262 months to 327 months applies only to Counts 1 and 2, because Count 3 requires a consecutive term of two years' imprisonment.

>Second, because the statutory maximum available for Counts 1 and 2 is in fact 420 months, as per the 30-year statutory maximum for wire fraud conspiracy described above, there is no restricted guideline range.

>Third, this paragraph should reflect the statutory requirement that the Court impose the two-year sentence on Count 3 in addition to the sentence imposed on Counts 1 and 2 with no reduction in the punishment for Counts 1 and 2 to adjust for the additional sentence on Count 3. See 18 U.S.C. 1028A(b)(3) ("[I]n determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section."); see also United States v. Yusuf, 781 F. App'x 77, 80 (3d Cir. 2019) ("The Supreme Court as well as the First, Seventh, Eighth, Ninth, and Tenth Circuits have explained that under § 1028A, a sentencing court cannot reduce the sentence it would have otherwise imposed on a predicate conviction because of the knowledge of a defendant's two-year mandatory minimum sentence for aggravated identity theft." (citing cases)).

>Accordingly, the government submits that this paragraph should be amended to read as follows, with added language underlined and removed language struck through:

>>**Guidelines Provisions:** Based upon a total offense level of 39 and a criminal history category of I, the guidelines imprisonment range <u>for Counts 1 and 2</u> is 262 months to 327 months. ~~However, the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the restricted guideline range is 262 months to 300 months. USSG § 5G1.2(b)~~ <u>Count 3 statutorily requires a term of imprisonment of two years consecutive to any other counts, which creates an effective guideline range of 286 months to 351 months.</u>

2

The government notes that this correction may affect the Probation Department's sentencing recommendation, which incorrectly stated that a sentence of 264 months of custody would be at "the low-end of the guideline range." Sent'g Rec. 4.

**Paragraph 139**

This paragraph states that the maximum term of supervised release that may be imposed on Count 2 is three years. In fact, because the statutory maximum on Count 2 is 30 years (not 20 years), Count 2 is a Class B felony, see 18 U.S.C. § 3559(a)(2), and the maximum term of supervised release for a Class B felony is 5 years, see 18 U.S.C. § 3583(b)(1).

**Paragraph 141**

This paragraph erroneously states that Count 2 is a Class C felony and calculates the Guidelines range for a term of supervised release to be 1 year to 3 years. As noted above, Count 2 is a Class B felony, and the Guidelines range for a term of supervised release is instead 2 years to 5 years. See U.S.S.G. § 5D1.2(a)(1).

The government notes that this correction may affect the Probation Department's recommendation as to the appropriate term of supervised release.

**Paragraph 145**

This paragraph states that the maximum fine on each count is $250,000. Pursuant to 18 U.S.C. § 3571(b) and (d), the maximum fine is the greater of "the amount specified in the law setting forth the offense," "$250,000" or "if the offense results in pecuniary loss to a person other than the defendant . . . not more than the greater of twice the gross gain or twice the gross loss." The government conservatively estimates that for purposes of this provision, the pecuniary loss in connection with Count 2 was approximately $55 million[2] and the pecuniary loss in connection with Count 1 was approximately $50 million. As a result, the maximum fine amount as to Count 1 is $100 million and the maximum fine as to Count 2 is $110 million.

**Paragraph 147**

This paragraph states that the fine range is $50,000 to $500,000. Pursuant to U.S.S.G. § 5E1.2(c)(4), where a statute authorizes "a maximum fine greater than $500,000 . . . the court may impose a fine up to the maximum authorized by the statute." Accordingly, the Guidelines fine range is $50,000 to $210 million.

**Paragraph 150**

The government respectfully notes that new restitution submissions have been provided since the PSR was first disclosed and asks that they be incorporated into the restitution total.

---

[2] This is approximately $10 million less than the forfeiture figure because it does not include money returned to WTI.

3

       &ast;   &ast;   &ast;

 Thank you for your attention to these matters.

               Respectfully submitted,

               BREON PEACE
               United States Attorney

          By: /s/
               Jonathan Siegel
               Gillian Kassner
               Dylan A. Stern
               Assistant U.S. Attorneys
               (718) 254-6293 (Siegel)

cc: Clerk of the Court (EK) (via ECF)
   All Counsel of Record (via ECF)