

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

JRS/GK/DAS
F. #2021R00900

December 9, 2024

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Carlos Watson and Ozy Media, Inc.
           Criminal Docket No. 23-82 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter pursuant to the Court's December 4, 2024 order directing the government to inform the Court by December 9, 2024 whether it intends to call witnesses or present evidence as to any factual issue at the sentencing hearing. See ECF No. 350 at 2. The government hereby advises the Court that it does not intend to call witnesses or present evidence at sentencing hearing unless the Court so requests.

      Rather, the government intends to rely on the evidence at admitted at trial, as well as other witness statements cited in the government's sentencing memorandum (ECF No. 354) that have previously been made available to Court and the defendants or are publicly accessible. See United States v. Flaharty, 295 F.3d 182, 196 (2d Cir. 2002) ("in determining facts material to sentencing, may rely on evidence admitted at trial"); United States v. Carmona, 873 F.2d 569, 574 (2d Cir. 1989) ("Any information or circumstance shedding light on the defendant's background, history and behavior may properly be factored into the sentencing determination," including "evidence given by witnesses whom the defendant could neither confront nor cross-examine"); see also United States v. McLean, 287 F.3d 127, 133 (2d Cir. 2002) ("a sentencing court may rely on any information it knows about, including evidence that would not be admissible at trial, as long as it is relying on specific evidence"); United States v. Kolawole, 1 F. App'x 93, 94-95 (2d Cir. 2001) (no error if sentencing court based sentence on hearsay witness statement; a "court is free to consider hearsay evidence . . . so long as it permissibly concludes that the evidence is reliable"); United States v. Finkelstein, 229 F.3d 90, 96 (2d Cir. 2000) ("In determining what sentence within the statutory range is appropriate for a given defendant, the district court is entitled to take into account any relevant information to which it has access."); United States v. Brinkworth, 68 F.3d 633, 640 (2d Cir. 1995) (affirming denial of Fatico hearing where district court relied on "legal memoranda of the parties, the grand jury testimony, and an unsworn statement of" defense witness).

The government further notes that the Court need not resolve any factual disputes that would not impact the sentence as long as the Court states on the record that it would impose the same sentence no matter how the dispute is resolved.  See United States v. Yates, No. 22-3003-CR, 2024 WL 1338762, at *2 (2d Cir. Mar. 29, 2024) ("[D]isputed sentencing issues need not be resolved where the sentencing court (i) could, consistent with the Guidelines, have imposed the same sentence regardless of the outcome of the dispute, and (ii) indicates that it would have done so."); see also Fed. R. Crim. P. 32(i)(3)(B) (courts must resolve PSR disputes unless "a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing"); United States v. Borrego, 388 F.3d 66, 70 (2d Cir. 2004) ("The court is not obliged to waste its time making findings that would have no effect on the sentence or on the appeal.").  In particular, the Court need not resolve any Guidelines disputes that are not dispositive as to the Guidelines range.  United States v. Defeo, 36 F.3d 272, 277 (2d Cir. 1994) (declining to address Guidelines dispute that did not impact Guidelines range); accord United States v. Sanford, 832 F. App'x 77, 79 (2d Cir. 2020).  Thus, for example, the Court need not determine the precise amount of loss as long as it finds that a reasonable estimate of loss exceeds $65 million, and the Court need not find whether an obstruction enhancement is justified by multiple acts as long as it finds that it is justified by any single act.

The government thanks the Court for its attention to these matters.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/_____
Jonathan Siegel
Gillian Kassner
Dylan A. Stern
Assistant U.S. Attorneys
(718) 254-6293/6224/6213

cc:     Clerk of the Court (EK) (by ECF)
        Counsel of Record (by ECF and email)