# RONALD SULLIVAN LAW, PLLC

### Ronald S. Sullivan Jr.

December 10, 2024

**BY ECF**

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 112011

Re: U.S. v. Carlos Watson and Ozy Media, Inc.

Dear Judge Komitee:

I respectfully write on behalf of Carlos Watson and OZY Media, Inc., and with Ms. Frison's consent, for an adjournment of sentencing. Each of three reasons, considered alone and in the aggregate, favor a rescheduling.

*First*, the Probation Department yesterday filed its addenda to the presentence reports. Fed. R. Cr. Pro. 32(g) provides as follows:

> At least 7 days before sentencing, the probation officer *must* submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them.

(emphasis added). In violation of Rule 32(g), the addendum was filed just four days in advance of sentencing. The statute's use of the word "must" means that it requires notice of at least seven days in all cases without analysis of the facts and circumstances of any particular case; it establishes a bright line that affords every defendant *at least* seven days between the filing of an addendum and sentencing (unless, of course, unlike here, the defendant is willing to forego the seven days.).

Apart from the statutory command, the Defendants would be prejudiced if sentencing proceeds before they can effectively represent their clients. Counsel have been working most recently on yesterday's letter opposing forfeiture and will be digging into the addenda starting today; as of this writing, counsel have not had any opportunity to read the addenda or confer among themselves or with their clients. Meanwhile, the issues in this case involve multiple alleged victims relating to loss and forfeiture among other disputed issues. According to Rule 32(g), the Defendants have an absolute right to at least seven days to marshal and present their arguments. In addition, defense counsel have not completed their review of the government's disclosures on restitution. While restitution can be resolved after sentencing, counsel would be ineffective if they did not review the government's disclosures on restitution as such review might inform or be relevant to presentation of issues related to loss and forfeiture.

# RONALD SULLIVAN LAW, PLLC

### Ronald S. Sullivan Jr.

*Second*, the government late yesterday filed its sentencing memorandum. Counsel have not yet had time to do more than peruse the memorandum and note that it is 85 pages in length. Seven days may be the statutory minimum under Rule 32(g), but even a full seven days would render it impossible for counsel to provide effective assistance given the nature of the issues, the multiple materials to review and about which to confer, on top of counsels' competing commitments to other clients.

*Third*, we respectfully request that the Court consider rescheduling sentencing until after the holidays. Apart from counsels' need to have more than seven days from yesterday to review the materials and work through the issues, one or more counsel have other commitments on each of December 16, 17, and 18, and Ms. Frison is away for the holidays from December 19, 2024, to January 3, 2025. We respectfully request that the Court reschedule sentencing for the week of January 6, 2025.

Upon consult, the government requested that we include its position on this application, and we accommodate the government's request as a courtesy:

> *The government opposes the motion for an adjournment of sentencing. As to the purported Rule 32(g) violation, the government believes that any error is waived because the three-day delay in the addendum was caused in part by the defendants' three-day delay in filing their objections to the PSRs, which were due on November 19, 2024 (see Fed. R. Crim. P. 32(f)(1)), but were not filed until November 22, 2024 (ECF No. 341). Even if there were a technical violation, any such violation is subject to harmless-error analysis. See United States v. White, 712 F. App'x 292, 293 (4th Cir. 2018); United States v. Arthur, 432 F. App'x 414, 431 (5th Cir. 2011); United States v. Willis, 649 F.3d 1248, 1258 & n.5 (11th Cir. 2011); United States v. Roberge, 565 F.3d 1005, 1011 (6th Cir. 2009). Any violation here would clearly be harmless as the addendum rejected all of the defendants' objections, and there is no basis to think that a three-day adjournment would alter anything about sentencing. Moreover, the only substantive changes to the PSR in the addendum are (1) increases in the fine ranges (although no one is seeking a fine), (2) an increase in the statutory maximum for Count Two from 20 years to 30 years (although neither the government nor Probation is seeking a sentence above 20 years on Count Two), and (3) an increase in the restitution amount; as to restitution, the government understands that the defendants will in any event be seeking to address restitution post-sentencing.*
>
> *As to the remaining issues, the government submits that they are meritless.*

The cases from other Circuits cited by the government, if anything, support our application. The Sixth Circuit in *United States v. Roberge*, 565 F.3d 1005 (6th Cir. 2009), explained that the mandate of Rule 32(g) is not subject to a district judge's discretion:

# RONALD SULLIVAN LAW, PLLC

### Ronald S. Sullivan Jr.

[R]ecogniz[ing] the significant role that Rule 32's requirements play in ensuring a just adjudication at the sentencing hearing, *United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001), we have made it clear on several occasions that the district courts must be in 'literal compliance' with the requirements of Rule 32," *United States v. Carter*, 374 F.3d 399, 408 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1111, 125 S. Ct. 1056, 160 L. Ed. 2d 1045 (2005). *Contrary to the government's assertion, such matters of timing are not within the district court's discretion.*

*Id.* at 1011 (emphasis added) (citations and quotation marks omitted).

The government's reliance on its out-of-circuit cases is otherwise misplaced. The Sixth Circuit in *Roberge* found the violation of Rule 32(g) to be harmless because "[a]t the time Roberge requested a continuance, he had already filed nine objections to the PSR." *Id.* The Eleventh Circuit in *United States v. Willis*, 649 F.3d 1248, 1257 (11th Cir. 2011), found the error to be harmless because the purpose of the hearing was "limited to resentencing Willis absent the career offender enhancement, and that Willis raised no objections to that portion of the PSR." The Fifth Circuit in *United States v. Arthur*, 432 F. App'x 414, 431 (5th Cir. 2011), found the error harmless because the defendant "filed further objections to the PSR three days before sentencing, to which the probation officer also responded, albeit not seven days prior to sentencing. [The defendant] points to no authority for the proposition that a defendant can restart Rule 32(g)'s seven-day requirement by filing further objections to the PSR, and we find none." And the Fourth Circuit in *United States v. White*, 712 F. App'x 292, 293 (4th Cir. 2018), found the error to be harmless for reasons unexplained.

It is improper for the government to cite a district judge to opinions in which an error was found harmless on appeal (on inapposite facts), all but expressly baiting error that the government believes it can later explain away. Rule 32(g) does not permit such mischief, as *Roberge* explains. It is likewise improper for the government to claim (without authority) that the Defendants implicitly waived Rule 32(g) weeks earlier because they needed a few extra days to marshal their objections to the PSRs (*see* Docket No. 337); to suggest that its view of the time necessary for counsel to provide effective assistance should control; or to force defendants to sentencing within days after filing an 85-page memorandum on top of its disclosures about restitution, the late addenda to the presentence report - - all on top of counsels' competing commitments to other clients.

## RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

For these reasons, and so that counsel can provide effective assistance of counsel, we respectfully request that sentencing be rescheduled for the week of January 6, 2025.

Sincerely,

Ronald S. Sullivan Jr.