UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW <u>YORK</u>
--------------------------------------x

UNITED STATES OF AMERICA,

        -against-

CARLOS WATSON and OZY MEDIA, INC.,

        Defendants.

--------------------------------------x

**<u>MEMORANDUM & ORDER</u>**
23-CR-82 (EK)

ERIC KOMITEE, United States District Judge:

In a letter filed this morning, one of the attorneys for the defense asks to withdraw because the Court declined to delay these proceedings as requested. *See* Def.'s Letter for Extension of Time, ECF No. 359. When that attorney — Andrew Frish, Esq. — first sought to appear in this case, the Court initially understood him to be proposing a substitution of counsel — that is, that he would *replace* the attorneys for defendant Watson and / or Ozy Media. *See* Transcript of Oct. 8 Conference at 3:12-20, ECF No. 322 ("Conf. Tr."). The Court also understood the defense to be requesting an adjournment of the sentencing date *on that basis*, and indicated that it would grant such delay. *Id.*[1]

---

[1] "So I have Mr. Frisch's letter of October 3rd in which he indicates that Mr. Watson wants to substitute counsel and flag a few other potential requests . . . the second [of] which is to push the new sentencing date which we had moved to December 13th to be in late January 2025. *And I think that's all fine*." *See* Conf. Tr. at 3:12-20 (emphasis added).

Only after it emerged that Mr. Frisch would be supplementing, rather than substituting for, existing counsel did the Court determine to maintain the existing schedule. *See id.* at 4:12-5:13, 11:22-25; *see also* Letter of October 25, 2024, ECF No. 324 (Mr. Frisch advising that he "will not be moving to substitute for current defense counsel but will be supplementing their representation").

As has been discussed elsewhere, sentencing in this case has been delayed once already. That delay was occasioned by defense counsel's questionable cooperation with the Probation Department in the preparation of the Presentence Investigation Report. *See, e.g.,* Oct. 1 Mem. from U.S. Probation Office, ECF No. 316 (reporting that the Probation Officer had made "attempts to contact Defense Counsel for Carlos Watson to schedule the presentence interview," but that "no response has been received"); Minute Entry dated Oct. 31, 2024 ("The Probation Office has notified the Court that the defendants, despite having committed to a deadline of October 30, 2024, have not yet provided the financial records necessary to complete the Presentence Investigation Report."); Minute Entry dated Nov. 4, 2024 ("The Probation Office has informed the Court that Ozy Media, despite having committed to a deadline of November 3, 2024, has not yet provided the financial information necessary to complete the Presentence Investigation Report."). Moreover,

the government's sentencing memorandum was delayed because of the defendants' request to delay their own sentencing submission. *See* Def.'s Req. for Enlargement of Time to File Sentencing Mem., ECF No. 343; Minute Order dated Nov. 26, 2024.

The request to move sentencing later into December cannot be accommodated because the undersigned will be out of the country on the requested dates. And the request for rescheduling in January cannot be accommodated because the Court has a multi-defendant homicide trial scheduled that month. Indeed, the Court currently has trials scheduled almost every week in the first half of 2025 – and in some cases, the Court has a primary trial set to proceed on a given day, and a backup trial also scheduled, in the event the primary trial does not go forward.

Sentencing in this case will occur five months after conviction and more than five weeks after the dissemination of the Presentence Investigative Reports. This is sufficient time for the defense to organize its arguments about the loss calculation, especially given that the government is relying on evidence adduced at trial to establish loss, and two attorneys representing the defendants — Mr. Sullivan and Ms. Frison — served as trial counsel. Indeed, every sentencing-related submission to date in this case has been filed by Mr. Sullivan or Ms. Frison, rather than Mr. Frisch.

To the extent the defense is concerned about recent
filings in respect of restitution and forfeiture, it bears
noting that the Court does not expect to resolve the issues of
restitution or forfeiture on December 16.  Instead, resolution
of those issues can be deferred into 2025.  *See* 18 U.S.C. §
3664(d)(5) (allowing final determination of restitution within
90 days); Fed. R. Crim. P. 32.2(b)(2)(C) (allowing court to
enter a general order of forfeiture, to be amended later with a
specific calculation of money judgment).

The Court will not, of course, dictate which defense
counsel should speak at sentencing.  But the withdrawal request
cannot be granted without a showing that it has been served on
the client, among other things.  *See* Local Civil Rule 1.4
(calling for service of application to withdraw on the client);
Local Criminal Rule 1.1 (indicating that Civil Rule 1.4 applies
in criminal proceedings).  Given this omission, and the late
hour of the request, Mr. Frisch should appear at the upcoming
proceeding.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     December 11, 2024
           Brooklyn, New York