Andrew J. Frisch
The Law Offices of Andrew J. Frisch, PLLC
40 Fulton Street, 17th Floor
New York, New York 10038

December 16, 2024

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10038

    Re:  *United States v. Carlos Watson and OZY Media, Inc.*, 23-CR-0082 (EK)

Dear Judge Komitee:

    On behalf of all defense counsel and our clients, I write in response to the government's letter of last night, which we first saw this morning. The government's letter overlooks a pivotal fact: we are Officers of the Court. Our position in this case, as with all positions we take in all cases, is rooted in longstanding efforts to be faithful to our professional and constitutional duties, which each of the counsel has demonstrated over decades. The government should be working with defense counsel to accommodate their need for just a week more to be prepared, not questioning their good faith.

    On Friday, the Court worked through a number of issues in advance of imposing sentence on Monday, reducing the number of tasks remaining for sentencing. Now that less time in court is necessary for the remaining tasks, we respectfully request that the Court see if it can find a few hours sometime in January to complete the reduced number of tasks. If so, defense counsel will memorialize outstanding positions and any supplements in writing to streamline the way forward.

    My co-counsel and I have tried to do our best since we adjourned on Friday (and before Friday), but we simply need more time. We believe we need at least until January but, to assure that we have at least some additional time, we proposed the week of December 23, 2024. We appreciate that the Court has a planned overseas trip for the holiday. And so perhaps the Court can take stock of the tasks addressed on Friday, consider that less time will be required moving forward, and find a few hours for us when Court reconvenes just after the holidays or thereafter. Otherwise, my co-counsel and I know and represent as Officers of the Court that we are not providing effective assistance of counsel and respectfully decline to help create a false appearance to the contrary.

    I herewith supplement my letter of December 11, 2024 (Docket No. 359) to advise of the following. This past Friday, after Court adjourned, I met with a client who engaged my services in mid-November 2024 to assist with a matter in which an applicable statute of limitation ends

within a week; calls about that matter continued Saturday and Sunday. In addition, since we adjourned on Friday, I discussed proposed settlement papers from FINRA with another client whose signature is required this week; I conferred with parents of another client, their incarcerated son who is pending trial, about a just-disclosed government psychiatric report and other issues; I attended to tasks including a supplemental filing in connection with my sentencing before Judge Castel later this Wednesday, among other things. Counsel are not willing to violate their professional and constitutional duties to their clients in this case or any other.

Contrary to the government's letter and its gratuitous remarks on Friday, the defense has nothing to gain by seeking as little as another week to prepare for sentencing other than defense counsels' compliance with their constitutional obligations. As for the government's other remark on Friday, copies of the defense's submissions in the Circuit on the petition for mandamus and the associated application for a stay were all contemporaneously emailed to this Court; my statement that I had not worked on this "case" over the past week was plainly a reference to the prosecution of this case in this Court. Friday was the first time in my forty years of practice that my good faith has been questioned.

I also ask that the Court reconsider its decision that no one other than Mr. Watson and counsel be invited to speak at sentencing. We submitted a list of about a dozen people to speak, and the law does not require that the Court permit any such person to speak, let alone so many. But we ask that the Court reconsider its ruling to allow just one person to speak, Beverly Watson, Carlos's sister. She was an investor in OZY, an employee of OZY, and his sister. She has a unique perspective on Mr. Watson and OZY. Your Honor's ruling permitted submission of letters from supporters, but there is something about speaking in person and in court at sentencing that is far more meaningful to the community and of a different dimension than submission of a letter that only a judge can readily read and that others would have to look for online and read in relative isolation. We ask that the Court permit Beverly Watson to speak at sentencing about the company in which she invested, the place she worked, and her brother.

We respectfully urge the Court to see clear to grant our request for a rescheduling so that we can complete sentencing consonant with the Fifth and Sixth Amendments.

                Respectfully,

                */s/ Andrew J. Frisch*
                Andrew J. Frisch

cc: Counsel of Record